UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BOLES,

        Petitioner,                         Case Number: 2:12-CV-12251

v.                                                     HON. GEORGE CARAM STEEH

LLOYD RAPELJE,

        Respondent.
_____/

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Anthony Boles' petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Boles, a prisoner in the custody of the Michigan Department of Corrections, challenges his plea-based conviction for breaking and entering with intent to commit a felony or larceny. He claims that he received ineffective assistance of counsel and that his plea was involuntary. Respondent seeks summary judgment on the ground that Boles fails to satisfy the "in custody" requirement.

**I. Background**

Boles pleaded guilty in Saginaw County Circuit Court to breaking and entering a building with intent to commit a felony or larceny. On September 24, 2007, he was sentenced to one year in jail, with credit for 392 days time served, and two years' probation. On August 31, 2009, Boles was discharged from probation.

Boles filed an application for leave to appeal his conviction in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Boles*, No. 300549 (Mich. Ct. App. Nov. 22, 2010). His application for leave to appeal to the Michigan Supreme Court was also denied. *People v. Boles*, 489 Mich. 899 (Mich. Apr. 25, 2011).

Respondent filed a motion for summary judgment, arguing that Boles failed to satisfy the in custody requirement at the time he filed his petition. Boles did not file a response to the motion.

## II.    Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**III. Discussion**

A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490

-4-

U.S. 488, 490-91 (1989).  The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original).  The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a).  *Id.* at 492.

Respondent argues that Boles fails to satisfy the "in custody" requirement because he was discharged from probation on August 31, 2009.  His petition was not filed until May 17, 2012.  It is clear that the sentence resulting from Boles' breaking and entering conviction had fully expired at the time he filed the petition.  Boles, therefore, is not "in custody" relative to that conviction.  Accordingly, he cannot challenge that conviction through a petition for habeas corpus relief.

**III.    Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not

debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## IV. Conclusion

The Court finds that Petitioner was not in custody pursuant to the conviction challenged at the time he filed his petition. Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: January 18, 2013

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 18, 2013, by electronic and/or ordinary mail and also on Anthony Boles # 149599, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623

s/Barbara Radke
Deputy Clerk

---